IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00954-BNB

RANDY L. BURKE,

    Applicant,

v.

TRAVIS TRANI, Warden, Limon Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 0 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Randy L. Burke is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Burke has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal conviction in Arapahoe County District Court case number 93CR1176. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Burke previously has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the same Arapahoe County District Court conviction that he is attacking in the instant action. *See Burke v. Soares*, No. 99-cv-01776-ZLW-MJW (D. Colo. Oct. 24, 2005). Mr. Burke's claims in 99-cv-01776-ZLW-MJW were found either to be procedurally barred or lacking substantive merit and the action was dismissed with prejudice. Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Burke must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that the claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Burke does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in

> good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Burke claims in the instant action that his conviction and sentence should be vacated because neither the trial judge nor the prosecuting attorney had filed an oath of office with the Colorado Secretary of State as required under state law. It appears that these claims would be barred by the one-year limitation period in 28 U.S.C. § 2244(d). However, the claims appear to be time-barred only because Mr. Burke fails to demonstrate that his claims are based on either a new rule of constitutional law or newly discovered evidence that could not have been discovered through the exercise of due diligence as required pursuant to § 2244(b)(2). Furthermore, the claims Mr. Burke is raising do not appear to have merit and it was clear when the instant action was filed that this Court lacks jurisdiction. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction.

DATED at Denver, Colorado, this 20 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00954-BNB

Randy L. Burke
Prisoner No. 84575
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/20/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk